The Honorable Grady J. Leupold

```
_____ FILED    _____ LODGED
         _____ RECEIVED
```
Mar 07, 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY FABIANI,<br><br>Defendant. | CASE NO.  MJ25-5086 GJL<br><br>COMPLAINT for VIOLATION<br>18 U.S.C. §§ 2251(a), (e)<br>18 U.S.C. §§ 2252(a)(4)(B), (b)(2) |

Before the Honorable Grady J. Leupold, United States Magistrate Judge, United States Courthouse, Tacoma, Washington.

The undersigned complainant being duly sworn states:

## COUNT 1

### (Attempted Production of Child Pornography)

Between in or about 2023 and in or about 2024, in Pierce County, within the Western District of Washington and elsewhere, JEFFREY FABIANI attempted to employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction will be transported and transmitted

COMPLAINT/*United States v. Fabiani* - 1
USAO# 2025R0284

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, such visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depiction has actually been transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed.

All in violation of Title 18, United States Code, Sections 2251(a) and 2251(e).

## COUNT 2

### (Possession of Child Pornography)

Between not later than in or about March 2022 and in or about March 2025, , in Pierce County, within the Western District of Washington, and elsewhere, JEFFREY FABIANI knowingly possessed matter that contained any visual depiction—the production of which involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct—that was mailed and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and that was produced using materials that had been so mailed and shipped and transported by any means, including by computer, and any visual depiction involved in the offense involved a prepubescent minor and a minor who had not attained 12 years of age.

All in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

And the complainant states that this Complaint is based on the following information:

I, Special Agent Kyle McNeal, being duly sworn under oath, depose and say:

### INTRODUCTION

COMPLAINT/*United States v.Fabiani* - 2
USAO# 2025R0284

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1. I, Kyle McNeal, am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), assigned to the Special Agent in Charge in Seattle, Washington. I have been an Agent with the FBI since April 2011. As part of my daily duties as an FBI agent, I investigate criminal violations relating to child exploitation and child pornography including violations of Title 18, United States Code §§ 2251(a), 2252A, 2422, and 2423. I have received training regarding child pornography and child exploitation, and have observed and reviewed numerous examples of child pornography in numerous forms of media, including media stored on digital media storage devices such as computers, iPhones, etc. I have also participated in the execution of numerous search warrants involving investigations of child exploitation and/or child pornography offenses. I am a member of the FBI South Sound Child Exploitation and Human Trafficking Task Force in the Western District of Washington, and work with other federal, state, and local law enforcement personnel in the investigation and prosecution of crimes involving the sexual exploitation of children.

2. The facts set forth in this Complaint are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. I have not set forth all facts known to me as a result of this investigation but only those facts I believe necessary to establish probable cause to conclude that JEFFREY FABIANI committed the offense(s) charged in this Complaint.

## SUMMARY OF THE INVESTIGATION

3. On March 7, 2025, FBI executed a warrant at the Pierce County home of JEFFREY FABIANI based on information showing that FABIANI was a member of a website dedicated to child sexual abuse and sharing child sexual abuse material (CSAM).

4. Federal agents encountered FABIANI and conducted a recorded interview after advising him of his constitutional rights. Among other things, FABIANI offered the

COMPLAINT/*United States v.Fabiani* - 3
USAO# 2025R0284

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

following information, which was related to me by the investigating agents who conducted the interview:

- He was a member of the website under investigation that was the subject of the search warrant and confirmed his username on that site.
- He has been using the internet to share and download CSAM for approximately 2 years.
- He has at least 1,000 CSAM files stored on a external hard drive he keps in his office near a desktop computer.
- The children in this imagery range from infants to minors in their early teens.
- He has shared or posted CSAM online on approximately 20 occasions and has done so only because it was necessary to gain access to additional CSAM for himself.

5. During the search, agents recovered a Western Digital external hard drive in FABIANI's downstairs office. A forensic preview of that device revealed it contained multiple CSAM files, including the three files I viewed and describe below:

File 1: This video is 1 minute and 11 seconds long and depicts a prepubescent minor. During the video, the child masturbates an adult male penis while partially nude. As the video progresses, the camera shows the child's exposed genitals and concludes with the male masturbating and ejaculating on the child. I estimate this child is between 6 and 10 years old based on her lack of pubic/body hair, small stature, youthful facial features, and lack of pubic/muscular/breast development.

File 2: This video is 25 seconds long and depicts a prepubescent minor being anally raped by an adult male. The video concludes with the male ejaculating on the child's genitals. I estimate the child is between 2 and 6 years old based on her small stature in comparison to the male's hands/penis and her lack of body/pubic hair.

COMPLAINT/*United States v.Fabiani* - 4
USAO# 2025R0284

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

File 3: This video is 11 minutes and 8seconds long and depicts a nude prepubescent minor. During the video, an adult male inserts his penis into the child's mouth, has her masturbate his penis, and concludes with the male masturbating to the point of ejaculation and the child ingesting some of the ejaculate. I estimate the child to be between 6 and 10 years old based on her youthful facial features, lack of pubic/body hair, and lack of muscular/pubic/breast development.

6. Two minors under age 12 also reside in this home. Each of their rooms has a video camera positioned so that each child's bed is in the frame. The feed for each camera goes to a computer in FABIANI's office.

7. The preview of FABIANI's devices also revealed multiple photos and videos of MV1—currently age 15 and a relative of FABIANI's. During his interview, FABIANI acknowledged that he had been surreptitiously filming/photographing MV1 for a couple of years.

8. Agents recovered multiple photos taken in 2023 of MV1 wearing jean shorts from a PNY external drive found in FABIANI's office and bearing a label indicating it was manufactured in Taiwan. The series progresses with ever closer shots of MV1's genitals/pubic area while wearing these shorts. It is apparent that the photographer is attempting to capture the photos at an angle and with sufficient magnification to film MV1's pubic area/genitals underneath her shorts.

9. A video from 2024 found on FABIANI's Google Pixel smartphone depicts MV1 in loose gray running shorts. During the video the person holding the phone attempts to position the camera such that it could record MV1's buttocks, genitals, and pubic area under her shorts.

10. During his interview, FABIANI acknowledged that he captured these photos/video and that he was attempting to capture what was underneath MV1's clothing. He said he took these photos/video while at a relative's home in the Gig Harbor area.

COMPLAINT/*United States v.Fabiani* - 5
USAO# 2025R0284

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | 11. In both the photos and video described above, FABIANI was not able to
2 | successfully film MV1's genitals or pubic area under her clothing.
3 | //
4 | //
5 | //

COMPLAINT/*United States v.Fabiani* - 6
USAO# 2025R0284

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CONCLUSION**

12. Based on the above facts, I respectfully submit that there is probable cause to believe that JEFFREY FABIANI, committed the offense(s) charged in this Complaint.

*Kyle McNeal*
_____
Kyle McNeal, Affiant
Special Agent, FBI

The above-named affiant provided a sworn statement attesting to the truth of the foregoing on this 7th day of March, 2025.

_____
GRADY J. LEUPOLD
United States Magistrate Judge

COMPLAINT/*United States v. Fabiani* - 7
USAO# 2025R0284

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970