The Honorable Grady J. Leupold

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>vs.<br><br>JEFFREY FABIANI,<br><br>                   Defendant. | NO. MJ25-5086 GJL<br><br>DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR DETENTION ORDER |

Jeffrey Fabiani, through undersigned counsel, respectfully moves this Court to issue an order permitting Mr. Fabiani's release on conditions.

### I.    PROCEDURAL HISTORY

On March 7, 2025, the government filed a complaint charging Jeffrey Fabiani with *Attempted Production of Child Pornography and Possession of Child Pornography*. Dkt. 1. On March 7, 2025, the government moved to detain Mr. Fabian pending trial. Dkt. 5. The Court set a detention hearing for March 12, 2025. Dkt. 6.

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR DETENTION ORDER
*(U.S. v. Fabiani, MJ25-5086 GJL)* - 1



II.     **PERTINENT FACTS OF THE CASE**

Jeffrey Fabiani is forty (40) years old and was born and raised in Tacoma, Washington. He attended Skyline Elementary, Truman Middle School and Bellarmine Preparatory School. He graduated from Central University in 2007 with a bachelor's degree in information technology and administrative management. Prior to his arrest, Mr. Fabiani worked for the Tacoma School District in their IT Department as a Senior Network Analyst.

Mr. Fabiani has been married to his wife Mariah Fabiani for approximately twelve years, and they have two children, a nine year old boy and a six year old daughter. They live in a residence in Tacoma, Washington.

Mr. Fabiani's father died in 2010, and his mother Joan Fabiani lives in Gig Harbor and is a retired Physical Education Teacher from Mann Elementary; where she worked for twenty years.

Mr. Fabiani's older brother lives and works in the Peninsula School District with his family.

Mr. Fabiani has no prior criminal history.

Mr. Fabiani's wife Mariah Fabiani has submitted a letter to the Court requesting that Mr. Fabiani be released from custody pending trial in this matter. Ms. Fabiani stated that she does not believe he is a flight risk because of the fact that his family and support system are in the greater Tacoma area. She is requesting that Mr. Fabiani be permitted supervised contact with his children. (Exhibit 1)

In the Government's motion for detention, it is noted that each of Mr. Fabiani's children had a video camera positioned so that each child's bed is in the frame. It was further noted that the feed for each camera goes to a computer in Mr. Fabiani's office. There is nothing sinister about these video cameras in the children's bedroom. Both Mr. Fabiani and Mrs. Fabiani had

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR DETENTION ORDER
*(U.S. v. Fabiani, MJ25-5086 GJL)* - 2



access to the feed. The video cameras have been in each of the children's room since they were babies. Mr. and Mrs. Fabiani's nine year old son has difficulty sleeping and night terrors and it comforts him knowing that there is a camera in place and that either Mr. Fabiani or Mrs. Fabiani will come to his room if he wakes up. Their six year old daughter is likewise comforted by the fact that there is a camera in her room.

Mrs. Fabiani informed me that her children underwent a forensic child interview on Monday, and they did not disclose any form of abuse towards them by their father, Mr. Fabiani. As Mrs. Fabiani stated in her letter, "It is in my children's best interest to continue a relationship with Jeff. He has always been a wonderful, highly involved and loving father. I am in support of any supervised contact approved by the court between my children and their father. They are desperate to speak with him. I would be more than willing to supervise any/all contact…." (Exhibit 1)

Joan Fabiani, Mr. Fabiani's mother, has also written a letter to this Court requesting that he be released. She stated in part, "[A]ll of Jeff's friends and family reside here. His children need to talk with him and hope in the future to have visits with him. His bonds with them and other family members are strong and unwavering. These relationships provide him with a robust support network, ensuring that he is neither a flight risk nor someone who would abandon his responsibilities. He is deeply rooted here, with his loved ones ready to stand by him through thick and thin…. We appeal for Jeff's release on bail, emphasizing his strong community ties, his responsibilities towards his family, and his willingness to seek professional help…." (Exhibit 2)

As stated in the Government's Complaint, Mr. Fabiani was cooperative with Federal Agents when contacted and conducted a recorded interview with them.

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR DETENTION ORDER
*(U.S. v. Fabiani, MJ25-5086 GJL)* - 3



### III. LEGAL STANDARD

The key question in the detention analysis is whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community. 18 U.S.C. Section 3142(f). The standards of proof differ with respect to the "risk of flight" and "dangerousness" prongs of the statute. A detention order based on the defendant's risk of flight ordinarily must be supported by a preponderance of the evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A detention order based on the defendant's dangerousness generally must be supported by clear and convincing evidence. 18 U.S.C. Section 3142(f).

The Court must evaluate several enumerated statutory factors to determine "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community…." 18 U.S.C. Section 3142(g). These factors include:

(1) The nature and circumstances of the offense charge…;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including –

    (A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR DETENTION ORDER
*(U.S. v. Fabiani, MJ25-5086 GJL)* - 4

PUGET LAW GROUP
938 BROADWAY
TACOMA WA 98402
TEL 253 627 4696
FAX 253 617 1013

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id.*

## IV.  **ARGUMENT**

The factors set forth in the Bail Reform Act favor release of Jeffrey Fabiani. Mr. Fabiani is not a flight risk. Mr. Fabiani is a lifelong resident of Tacoma, Washington. He was born and raised in Tacoma. He currently resides in Tacoma. His extended family all live and work in the greater Tacoma area. As his mother Joan Fabiani stated, Mr. Fabiani has "a robust support network, ensuring that he is neither a flight risk nor someone who would abandon his responsibilities. He is deeply rooted here, with his loved ones ready to stand by him through thick and thin…." (Exhibit 2)

There is no question that the charges against Mr. Fabiani are serious. But there is no evidence that he has ever physically abused a child. He was cooperative with the Federal Agents and provided a recorded interview. Mr. Fabiani's children underwent a forensic child interview and did not disclose any form of abuse by their father.

Mr. Fabiani has nothing on his record.

Mr. Fabiani has a strong desire to immediately begin treatment, something he cannot do if detained.

There is no clear and convincing evidence to support the proposition that Mr. Fabiani is a danger to the community; therefore, no justification to detain Mr. Fabiani pre-trial.

The defense requests that the Court release Mr. Fabiani on the mandatory conditions as well as the following additional conditions:

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR DETENTION ORDER
*(U.S. v. Fabiani, MJ25-5086 GJL)* - 5



(1) Restriction of travel to Washington State or as approved in advance by Pretrial Services.

(2) Surrender of passport and/or notice of lost passport.

(3) No contact direct or indirect with any minors (contact with biological children allowed with supervision of a responsible adult aware of the charges and the court's release conditions). As stated by Mariah Fabiani, the biological mother, she supports supervised visits between their children and Mr. Fabiani. "He has always been a wonderful, highly involved and loving father…. They are desperate to speak with him." (Exhibit 1)

(4) No use or possession of devices capable of accessing the internet absent installation of monitoring software such as Accountable2You.

(5) Mr. Fabiani is to live at and maintain an approved residence.

(6) Mr. Fabiani must not possess firearms while on supervision.

The defense believes that these conditions appropriately address any concerns for community safety.

V. **CONCLUSION**

For the reasons stated above, it is respectfully requested that this Court release Mr. Fabiani from detention pending trial in this matter.

DATED: March 11, 2025
Tacoma, WA

Respectfully submitted by,

Dawn Farina, WSBA No. 18333
Attorney for Jeffrey Fabiani

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR DETENTION ORDER
*(U.S. v. Fabiani, MJ25-5086 GJL)* - 6



PUGET LAW GROUP
938 BROADWAY
TACOMA WA 98402
TEL 253 627 4696
FAX 253 617 1013