FILED _____ LODGED
_____ RECEIVED

APR 2 4 2026

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                      DEPUTY

# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br><br>JEFFREY FABIANI,<br><br>                    Defendant. | NO.  CR25-5077 DGE<br><br><br>**PLEA AGREEMENT** |

The United States, through Assistant United States Attorney Matthew P. Hampton of the Western District of Washington and Defendant Jeffrey Fabiani and Defendant's attorney Dawn Farina enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

1.      **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States in a Superseding Information.

2.      **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the

Plea Agreement - 1
*United States v. Fabiani*/CR25-5077 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

following charge contained in the Superseding Information: Possession of Child Pornography, as charged in Count 1, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.    **Elements of the Offense.** The elements of the offense to which Defendant is pleading guilty, Possession of Child Pornography, as charged in Count 1 of the Superseding Information, are as follows:

*First*, the defendant knowingly possessed material that contained an image of child pornography as defined in 18 U.S.C. § 2256(8)(A) or (C);

*Second*, the defendant knew the material contained an image of child pornography as defined in 18 U.S.C. § 2256(8)(A) or (C); and

*Third*, the image of child pornography was either transported in interstate or foreign commerce or produced using material that had been transported in interstate or foreign commerce by computer or other means.

4.    **The Penalties.** Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty, Possession of Child Pornography, as charged in Count 1 of the Superseding Information, are as follows:

a.    A maximum term of imprisonment of up to 20 years, a fine of up to $250,000, and a period of supervision following release from prison of not less than five years and up to life. There is also a mandatory special assessment of $100, a special assessment of $5,000 pursuant to 18 U.S.C. § 3014 unless Defendant is indigent, an up to $17,000 child pornography trafficking assessment pursuant to 18 USC § 2259A, and a minimum of $3,000 in restitution for each victim of Defendant's offense the Court

determines is eligible to receive restitution under 18 U.S.C. § 2259(b)(2). If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant further understands that, to invoke the statutory sentence for the offense charged in Count 1 of the Superseding Information, the United States must prove beyond a reasonable doubt that it involved an image of child pornography that involved a prepubescent minor or a minor who had not attained 12 years of age. Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of this plea of guilty that the offense involved an image of child pornography that involved a prepubescent minor or a minor who had not attained 12 years of age.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Plea Agreement - 3
*United States v. Fabiani*/CR25-5077 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

5. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States, or may have consequences with respect to citizenship status if Defendant is a naturalized citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. In some instances, a criminal conviction may be grounds for revocation of naturalized citizenship status. Removal, de-naturalization, and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration or naturalized citizenship status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's removal from the United States or loss of naturalized citizenship.

6. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant

Plea Agreement - 4
*United States v. Fabiani*/CR25-5077 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

7. **United States Sentencing Guidelines.** Defendant understands and acknowledges that, before accepting the terms of this Plea Agreement, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law; and

Plea Agreement - 5
*United States v. Fabiani*/CR25-5077 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c. Except as provided in the paragraph containing the stipulation of the parties pertaining to sentencing, Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9. **Statement of Facts.** Defendant admits Defendant is guilty of the charged offense. The parties agree on the following facts:

Beginning on a date unknown and continuing until in or about March 2025, in Pierce County, Jeffrey Fabiani used the devices listed below in Paragraph 13 to knowingly possess tens of thousands of images and videos depicting actual minors engaged in sexually explicit conduct. Among these were visual depictions of prepubescent minors, babies, and toddlers engaged in sexually explicit conduct, as well as depictions of sadistic and masochistic displays involving minors. The three files described below are representative of the visual depictions Fabiani knowingly possessed:

**File 1:** This video has a file name indicating the abuse of a very young child and depicts a prepubescent female under the age of 3, nude from the waist down and positioned on her back. An adult male attempts to insert his penis into the child's vagina and eventually ejaculates on the child.

**File 2:** This video depicts a nude prepubescent female under the age of 10 positioned on her stomach. An adult male attempts to insert his penis into the child's vagina and touches her labia with his finger.

**File 3:** This video depicts a prepubescent female under age 12 with a covering over her eyes and a band around her neck. The child's wrists and ankles are bound with a yellow rope. The video shows her performing oral sex on an adult male and him rubbing her genitals with his finger.

Plea Agreement - 6
*United States v. Fabiani*/CR25-5077 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

At all relevant times, Fabiani was aware of the content of these visual depictions, and each was produced using material that had been previously shipped or transported in interstate or foreign commerce.

In 2022, Fabiani used MV1, a minor under the age of 13, to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct. Specifically, Fabiani used a camera to film MV1's exposed genitals. In doing so, Fabiani intended to create and did in fact create visual depictions involving the lascivious exhibition of MV1's genitals.

Between 2023 and 2024, Fabiani used MV3, a minor under the age of 10 to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct. Specifically, Fabiani used a camera to film MV3's exposed genitals. In doing so, Fabiani intended to create and did in fact create visual depictions involving the lascivious exhibition of MV3's genitals.

Between 2019 and 2021, Fabiani used photo editing software and a computer to create adapted images of MV4 and MV5 (both under age 12) that appeared to show them engaging in sexually explicit conduct and stored those images on one or more of the devices listed below in Paragraph 13. Specifically, Fabiani edited and adapted existing photos of MV4 and MV5 by digitally removing their clothing to make it appear these modified images depicted the lascivious exhibition of these minors' genitals.

The visual depictions of MV1, MV3, MV4, and MV5 described in this paragraph were produced using material that had been previously shipped or transported in interstate or foreign commerce.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

Plea Agreement - 7
*United States v. Fabiani*/CR25-5077 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

10. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Agreed Sentence Pursuant to Rule 11(c)(1)(C).** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties acknowledge and agree that the appropriate sentence of imprisonment to be imposed by the Court at the time of sentencing is a term of 150 months. If the sentencing Court rejects the agreement of the parties regarding the appropriate sentence, both Defendant and the United States reserve the right to withdraw from this Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and to proceed to trial. No other agreement has been made regarding the imposition of the sentence in this matter, and the parties understand that the Court retains full discretion regarding the imposition of a term of supervised release, the conditions of supervised release, fines, forfeiture, or restitution as may be applicable. Except as specified above, Defendant understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court.

12. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes (including MV1, MV3, MV4, and MV5), and, in exchange for the agreements by the United States contained in this Plea Agreement, Defendant agrees that restitution in this case should not be limited to the offense of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty plea including

Plea Agreement - 8
*United States v. Fabiani*/CR25-5077 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts.

a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that Defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

b. Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to

Plea Agreement - 9
*United States v. Fabiani*/CR25-5077 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

c.      The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

13.      **Forfeiture of Assets.** Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately his right, title, and interest in all property used, or intended to be used, to commit or to facilitate his commission of *Possession of Child Pornography*, the offense set forth in Count 1 of the Superseding Information, any proceeds of the offense, and any data files consisting of or containing visual depictions within the meaning of 18 U.S.C. § 2253(a)(1). All such property is forfeitable pursuant to Title 18, United States Code, Section 2253(a), and includes, but is not limited to, the following property seized from Defendant in or about March 2025:

a.      1B2 - Seagate HD, S/N: Z6EH9QQY removed from Dell Optiplex 3020;

b.      1B4_1 - HP Hard Drive;

c.      1B4_2 - HP Hard Drive;

d.      1B4_3 - HP Hard Drive;

e.      1B4_4 - HP Hard Drive;

f.      1B4_5 - HP Hard Drive;

g.      1B4_7 - HP Hard Drive;

h.   1B4_8 - HP Hard Drive;

i.   1B4_9 - HP Hard Drive;

j.   1B4_10 - HP Hard Drive;

k.   1B4_11 - HP Hard Drive;

l.   1B4_12 - HP Hard Drive;

m.   1B4_13 - HP Hard Drive;

n.   1B5 - Seagate 500 GB HD, S/N: Z6ENVY8X, removed from Dell Optiplex;

o.   1B14 - HP Server Bank, S/N: USE138N7MM (Storage Blade);

p.   1B16 - Black Google Pixel Phone;

q.   1B21 - PNY 120 GB SATA III, S/N: PNY16162176160102E29;

r.   1B22 - PNY 120 GB SATA III, S/N: PNY16162176160102D1C;

s.   1B24 - Western Digital External HD, S/N: WXC2D71LRJXR; and

t.   1B25 - Custom Computer;.

Defendant agrees to fully assist the United States in the forfeiture of this property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. Defendant also agrees he will not assist anyone else who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any

Plea Agreement - 11
*United States v. Fabiani/*CR25-5077 DGE

interest or control, if the Defendant used, or intended to use, that property to commit or to facilitate his commission of the identified offense.

14. **Abandonment of Non-Contraband Data Files.** Defendant abandons any interest Defendant may have in any non-contraband data files contained on the electronic devices identified in Paragraph 13, and Defendant consents to the federal administrative disposition of those data files, including their destruction.

15. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant, including violations of Title 18, United States Code, Section 2251(a) that carry a mandatory minimum term of imprisonment of 15 years, solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United

Plea Agreement - 12
*United States v. Fabiani*/CR25-5077 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. This includes, without limitation, any constitutional challenge to the Defendant's conviction. Defendant further agrees that, provided the Court imposes the custodial sentence specified in Paragraph 11, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This

Plea Agreement - 13
*United States v. Fabiani*/CR25-5077 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

includes, without limitation, any challenge to any aspect of the sentence and sentencing proceeding, including any statutory or constitutional challenge to how the sentence was imposed.

Defendant also agrees that, by entering the guilty plea required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction. Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the

Plea Agreement - 14
*United States v. Fabiani*/CR25-5077 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

20. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated: April 24, 2026

JEFFREY FABIANI
Defendant

DAWN FARINA
Attorney for Defendant


*s/ Matthew P. Hampton for*
MARCI L. ELLSWORTH
Assistant United States Attorney


*s/ Matthew P. Hampton*
MATTHEW P. HAMPTON
Assistant United States Attorney

Plea Agreement - 15
*United States v. Fabiani*/CR25-5077 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970