UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA, Plaintiff, v. JEFFREY FABIANI, Defendant.
No. 3:25-cr-05077-DGE

**MOTION OF MATTHEW RUSSELL LEE, A JOURNALIST FOR INNER CITY PRESS APPEARING IN HIS PERSONAL CAPACITY, REGARDING SEALING OF EXHIBIT 3 TO DEFENDANT'S SENTENCING MEMORANDUM**

Matthew Russell Lee, a journalist for Inner City Press appearing in his personal capacity, respectfully moves with respect to the sealing of Exhibit 3 to Defendant's Sentencing Memorandum (Dkt. No. 55, 56), and requests that this Motion be docketed.

Defendant's motion to seal Exhibit 3, in its entirety, states only that the exhibit "be allowed to remain under seal because it contains sensitive information." No further explanation is offered, no specific category of sensitivity is identified, and no showing is made that redaction of any specific portion, rather than sealing of the entire exhibit, would be inadequate.

Sentencing memoranda and their supporting exhibits carry the presumption of public access at its highest strength in this Circuit, because they are submitted to influence the Court's determination of the sentence to be imposed. Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006); Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1098-1102 (9th Cir. 2016). A court may seal such material only upon compelling reasons supported by specific factual findings, not conjecture or an unsupported label. Kamakana, 447 F.3d at 1178-79.

The undersigned recognizes that this case involves an offense of conviction for possession of child pornography, and that a polygraph examination administered in connection with such an offense may properly touch on matters — including any reference to identifiable minors, or to the specific content of unlawful material — as to which sealing or redaction would be fully warranted, and as to which the undersigned expressly does not seek disclosure. The undersigned's request is narrower and procedural: that the sealing of Exhibit 3, to whatever extent it is maintained, rest on the particularized findings Kamakana requires rather than an unsupported four-word assertion, and that any portions of the exhibit not

1

implicating those specific concerns — for example, the general subject-matter categories covered by the examination, the examiner's qualifications and methodology, and the examination's bottom-line conclusion as to truthfulness on the relevant questions — be considered for redacted public disclosure rather than sealed as an undifferentiated whole.

Numerous Federal judges docket and act on Press requests such as this, routinely in SDNY (leading to this decision, directly on the sealing of defendants' sentencing exhibits in the 2d Circuit, Lee v. Greenwood, 145 F.4th 248, No. 23-7432-cr, 2025 WL 2101302, https://www.courtlistener.com/docket/69090920/lee-v-greenwood/ and see, recently (Aug 4, 2025) NDCA https://www.courtlistener.com/docket/73636209/9/sei-robotics-co-ltd-v-yildirim/ (July 31, 2026) CTD https://www.courtlistener.com/docket/72047553/64/united-states-v-sakal/ "Intervenor Inner City Press makes a compelling argument;" (July 17, 2026) NDIN https://storage.courtlistener.com/recap/gov.uscourts.innd.127119/gov.uscourts.innd.127119.72.0.pdf and (May 22, 2026), UMG Recordings, Inc. v. Suno, Inc. (1:24-cv-11611) District of Massachusetts (F. Dennis Saylor IV, J), " A member of the press has submitted a letter opposing the motion to impound. (Dkt. No. [233]), https://www.courtlistener.com/docket/68878608/233/umg-recordings-inc-v-suno-inc/ and Colorado (hearing on "non-party Inner City Press's responses in opposition to restriction) https://www.courtlistener.com/docket/69318033/77/jones-v-united-airlines-inc/ and Maryland (June 12, 2026) https://www.courtlistener.com/docket/72457825/22/united-states-v-rappaport/ and also in EDNY (see, e.g. https://www.courtlistener.com/docket/67935173/57/united-states-v-karony/) and 2026 https://www.courtlistener.com/docket/73591106/1/in-re-inner-city-press/ and DDC (see, e.g. https://www.courtlistener.com/docket/50260045/117/united-states-v-reffitt/ and https://storage.courtlistener.com/recap/gov.uscourts.dcd.235480/gov.uscourts.dcd.235480.19.0.pdf ("Let this be filed")

Let *this* be filed.

The undersigned respectfully requests that the Court: (1) docket this Motion; (2) require Defendant to file a supplemental showing identifying, with particularity, what within Exhibit 3 requires continued sealing and why, distinguishing any

2

portion that is properly protected from any portion that is not; and (3) direct that any portion not shown to require protection be made available in redacted public form.

Dated: August 6, 2026

Respectfully submitted,

Matthew Russell Lee
a journalist for Inner City Press
appearing in his personal capacity
PO Box 130222, Chinatown Station, New York, NY 10013
matthew.lee@innercitypress.com | 718-716-3540