The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JEFFREY FABIANI,

Defendant.

NO. CR25-5077 DGE

GOVERNMENT'S SENTENCING
MEMORANDUM

## I.     INTRODUCTION

Jeffrey Fabiani sees children as sexual objects.  He collected and categorized thousands upon thousands of images and videos of child sexual abuse material (CSAM).  Worse yet, he preyed on at least four young girls to create new victims of CSAM.  He violated their trust and that of their families, and his actions will doubtless reverberate through the remainder of their lives.

One thing is apparent: what he has done and what he could well do again if unleashed require a lengthy period of confinement and close supervision for life.  The government respectfully requests that the Court accept the parties' plea agreement and sentence Fabiani to a custodial term of 150 months followed by lifetime supervision.[1]

_____

[1] Prior to imposing sentence, the Court will need to formally accept or reject the parties' agreement.  Should it decline to accept the agreement, the defendant must be given an opportunity to move to withdraw his plea if he wishes.  While the government stands by its agreement and urges the Court to proceed to sentencing, the victims of the defendant's offenses have a right to be heard on the question, and at least one victim has objected to the Court's acceptance of the parties' plea agreement.  *See* Dkt 38.  The government asks that the Court inquire of any victims

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The facts are straightforward but devastating.  FBI identified Fabiani as part of an investigation targeting CSAM trafficking online and obtained a warrant for his home and devices.  After reviewing his digital media, agents uncovered a massive collection of CSAM files, as well as evidence that Fabiani had exploited at least 4 different minors to create new child exploitation material.  In the case of MV1 and MV3, Fabiani used a camera to film their exposed genitals and then stored the imagery on his computer.  As to MV4 and MV5, Fabiani modified existing photos of these minors to make it appear as if he had photos of their exposed genitals.

FBI agents arrested Fabiani on the day of the search, and he was eventually indicted on charges of producing and possessing CSAM.  Following extensive negotiations, the parties reached a plea agreement under Rule 11(c)(1)(C), and the defendant pled guilty to a superseding information charging him with possession of CSAM in violation of 18 U.S.C. § 2252A(a)(5)(B).  As originally charged, Fabiani faced a mandatory minimum of 15 years in prison, but the parties jointly agreed to recommend 12.5 years of imprisonment as part of their agreement.  Should the Court accept the parties' plea agreement, it will be bound to follow that recommendation.

## III.    GUIDELINES RANGE

The government agrees with U.S. Probation's calculation of the advisory range in this case.  Because that range extends beyond the maximum penalty for the defendant's offense of conviction, that range is truncated and becomes 235-240 months.

## IV.    SENTENCING RECOMMENDATION

The government believes a sentence of 12.5 years of imprisonment followed by lifetime supervision is an appropriate sentence given the factors in 18 U.S.C. § 3553(a).

present at the sentencing hearing whether they wish to address the Court on this question before it makes a final decision accepting or rejecting the agreement.

GOVERNMENT'S SENTENCING MEMORANDUM - 2
*United States v. Fabiani*, CR25-5077 DGE

It is impossible to overstate the seriousness of Fabiani's crimes. He found pleasure in the very worst moments of a child's life. His actions compound the harm for these child sexual abuse survivors who must contend with the trauma of their original victimization and the realization that people like Fabiani collect and derive sexual satisfaction from the permanent record of their abuse.

Worse yet, Fabiani robbed multiple little girls (and their families) of their sense of safety and security. They, not Fabiani, will face the lifelong consequences of his behavior. And despite the lack of evidence that Fabiani ever shared the imagery he created, his victims will spend the rest of their lives wondering if and when the permanent record of their own abuse will fuel some future offender's sexual fantasy.

Time and again, Fabiani could have chosen a child's well-being over his own depravity. Time and again, he chose the latter. His sexual appetite for children will not simply disappear; it will have to be managed. And it will fall to Fabiani to make different choices going forward. If he does not or cannot change, lengthy and close supervision upon release will provide at least some guardrails that will reduce the chances he can victimize another child.

The parties negotiated extensively and ultimately reached a mutually acceptable plea agreement. No party gets everything they might want when negotiating such agreements, but that is of course the hallmark of compromise. The government believes that the agreement reached is a fair and reasonable one, and it urges the Court to accept the parties' resolution and follow their joint custodial recommendation.

Accordingly, the government respectfully recommends that the Court impose a custodial sentence of 12.5 years followed by lifetime supervision.

## V.    RESTITUTION

The government has received 23 restitution claims from victims whose imagery Fabiani possessed. And three of the four named victims have also sought restitution.

GOVERNMENT'S SENTENCING MEMORANDUM - 3
*United States v. Fabiani*, CR25-5077 DGE

Given the volume of imagery Fabiani possessed, the government anticipates there may be additional series victims seeking restitution. The parties are actively seeking a resolution of the restitution issue but require additional time to do so. Accordingly, the parties will request the Court set a restitution hearing 90 days from sentencing.

## VI.    WAIVER OF APPEAL

As part of the plea agreement, the defendant has waived the right to appeal the sentence imposed in this case if the sentence does not exceed the applicable Guidelines range determined by the Court at the time of sentencing. If the Court imposes a sentence within this applicable Guidelines range or less, the government respectfully requests that the Court notify Defendant, pursuant to Federal Rule of Criminal Procedure 32(j)(1)(B), that Defendant has waived Defendant's appeal rights except as to the effectiveness of legal representation. Otherwise, the government requests that the Court notify Defendant of the right to appeal the sentence as set forth in Title 18, United States Code, Section 3742.

DATED this 13th day of August, 2026.

Respectfully submitted,

*s/ Matthew P. Hampton*
MATTHEW P. HAMPTON
Assistant United States Attorney
U.S. Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-6677
Fax: (206) 553-2502
E-mail: matthew.hampton@usdoj.gov

*I hereby certify that this pleading contains* 1,003 *words, in compliance with the Local Criminal Rules.*

GOVERNMENT'S SENTENCING MEMORANDUM - 4
*United States v. Fabiani*, CR25-5077 DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970